UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DONALD CRAIG MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-CV-371-JRG-CCS |
| | ) |
| TONY PARKER JIMMY J.J. JONES, | ) |
| TIM BURCHETT, LT. COOPER, WISE, | ) |
| HORSELBY, ISSAC, JONES, and | ) |
| UNKNOWN DEFENDANTS, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Donald Craig Miller ("Plaintiff"), who is incarcerated at the Hardeman County Correctional Facility ("HCCF") in Whiteville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 [1] [Doc. 11]. Now before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 9] and two motions requesting the appointment of counsel [Docs. 2 and 10]. For the reasons that follow, Plaintiff's pending motions will be **DENIED**, and Plaintiff will be allowed to amend his complaint.

---

[1] On January 2, 2018, Plaintiff filed an amended complaint [Doc. 11]. Rule 15 of the Federal Rules of Civil Procedure allows a party to amend its pleading "once as a matter of course" within twenty-one days after service or twenty-one days after service of a responsive pleading or a Rule 12(b)(e) or (f) motion, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A)(B). The docket reflects that Plaintiff's amended complaint was filed in compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Therefore, Plaintiff's amended complaint [Doc. 11] filed on January 2, 2018 will be used as the operative pleading in this case.

I.  **MOTION TO PROCEED** *IN FORMA PAUPERIS*

As it reflects on the docket, and as the Court outlined in its previous Order, the complaint was originally filed in the United States District Court for the Western District of Tennessee [Doc. 1]. On August 18, 2017, that Court granted Plaintiff's motion to proceed *in forma pauperis* and transferred this action to the United States District Court for the Eastern District of Tennessee [2] [Doc. 7]. Accordingly, Plaintiff is already authorized to proceed *in forma pauperis*, and no additional authorization is required. As such, Plaintiff's application to proceed *in forma pauperis* [Doc. 9] is **DENIED AS MOOT**.

II. **SCREENING THE PLEADING**

A.  **STANDARD OF LAW**

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in [Federal Rule of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

---

[2] On August 18, 2017, the original order of transfer contained a typographical error directing the Clerk to transfer the case to the Middle District of Tennessee [Doc. 6].

Courts liberally construe pro se pleadings and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim, however. *Twombly*, 550 U.S. at 555, 570. Further formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. 662 at 681.

### B. PLEADING

Plaintiff's complaint concerns events that occurred during his previous incarceration at the Rodger D. Wilson Detention Center in Knoxville, Tennessee. He has sued Tennessee Department of Correction ("TDOC") Commissioner Tony Parker, Knox County Sheriff Jimmy "J.J." Jones, Knoxville Mayor Tim Burchett, and various "Jailers" at the Detention Center. However, the format of Plaintiff's complaint is unconventional and the allegations made therein are a confusing mix of federal constitutional claims, along with various claims under Tennessee law.

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992); *see also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere"). Although pro se litigants' court submissions are to be construed liberally and held to a less stringent standard than submissions of lawyers, pro se status does not exempt the petitioner from the requirement that he comply with relevant rules of procedural and

substantive law. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, No. 09-2259, 2011 WL 285251, at *5 (6th Cir. Jan. 31, 2011) ("a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading' ") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). If the court can reasonably read the submissions, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with rule requirements. *Boag v. MacDougall*, 454 U.S. 364, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982). However, the Sixth Circuit does not require courts to ferret out the strongest cause of action on behalf of pro se litigants. *Young Bok Song v. Gipson*, 423 Fed. App'x. 506, 510 (6th Cir. 2011). Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. *Id*.

In this case, the Court finds that even construing Petitioner's filing in the most liberal manner, this Court is unable to discern the nature of Petitioner's pleading at issue. The Court finds that the complaint represents a clear violation of Rule 8 of the Federal Rules of Civil Procedure which states in relevant part that a complaint "shall contain [. . . ] a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, the complaint is confusing, verbose and does not give defendants fair notice of Plaintiffs' claims and the grounds upon which they rest.

Furthermore, Plaintiff has failed to sign his name to the end of the complaint. Rule 11 of the Federal Rules of Civil Procedure provides: "A party who is not represented by an attorney shall sign the party's pleading, motion, or other paper and state the party's address." Rule 11 further provides that: "If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant."

4

Using its discretion, the Court shall afford Plaintiff an opportunity to bring his pleading into compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 15(a)(2) ("[A] party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires.") *see also LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (holding that "under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA."). Plaintiff has **thirty (30) days** from the date of entry of this Order to file an amended complaint with a short and plain statement of facts setting forth exactly how his constitutional rights were violated and the specific individual(s) who violated his constitutional rights.

### III. MOTION TO APPOINT COUNSEL

On August 9, 2017 and August 31, 2017, Plaintiff filed similar, if not verbatim, motions requesting the appointment of counsel [Doc. 2 and Doc. 10]. The appointment of counsel in a civil proceeding is not a constitutional right, but rather a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F. 2d 601, 605-6 (6th Cir. 1993). The decision to appoint counsel in a civil case is a matter within the discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987).

Plaintiff argues that the assistance of counsel is necessary due to his lack of "mental[] and intellectual disability" [Doc. 2 p. 2 and Doc. 10 p. 2] He states that he "has no support perfecting legal litigation" required to proceed in this action [*Id.*]. However, at this early stage in the proceedings, the Court finds no exceptional circumstances exist to warrant the appointment of counsel. Accordingly, Plaintiff's motions for appointment of counsel [Doc. 2 and Doc. 10] are **DENIED** at this time.

**IV. CONCLUSION**

In sum, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 9] is **DENIED AS MOOT** and his motions to appoint counsel [Docs. 2 and 10] are **DENIED**. Moreover, Plaintiff has **thirty (30) days** from the date of entry of this Order to file an amended complaint. This amended complaint will completely supplant the previous complaint. Plaintiff is **NOTIFIED** that failure to timely comply with this order will result in the dismissal of this action for want of prosecution and failure to comply with orders of the Court. See Fed. R. Civ. P. 41(b).

Plaintiff's amended complaint must comply with Fed. R. Civ. P. 8 and should contain only concisely stated claims for violations of civil rights, and clearly identify the specific causes of action that he wishes to pursue as to each defendant and the facts supporting each such claim. The Clerk is **DIRECTED** to send Plaintiff a form § 1983 complaint which Plaintiff may use to draft this amended complaint.

**IT IS SO ORDERED.**

**ENTER:**

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE