UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DONALD CRAIG MILLER, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:17-CV-00371-JRG-DCP |
| JIMMY J.J. JONES, TIM BURCHETT, LT. COOPER, WISE, HORSELBY, ISSAC, JONES, and UNKNOWN DEFENDANTS, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The Court is in receipt of a pro se prisoner's amended complaint for violation of 42 U.S.C. § 1983 [Doc. 13] and two motions for status updates [Docs. 14, 16]. Upon initial screening of the amended pleading, the Court finds that Plaintiff's complaint is sufficient at this stage to state a plausible claim against Defendant Isaac, and this case may proceed against this Defendant. However, Plaintiff has failed to state any other claim against any other Defendant. Accordingly, all other Defendants will be **DISMISSED** from this action.

### I. SCREENING STANDARD

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable

for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal* "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## II. PLAINTIFF'S COMPLAINT

Plaintiff's complaint alleges that on August 6, 2016, two inmates of the Knox County Jail assaulted Plaintiff in his cell with the "assistance and full knowledge of Deputy Isaac" [Doc. 13 at 5]. Plaintiff states that Deputy Isaac was on duty at the time of the assault and took no steps or action to prevent or stop the attack [*Id*. at 6]. Further, Plaintiff asserts that Deputy Isaac failed to report the incident in a timely manner so that evidence could be preserved [*Id*.].

## III. ANALYSIS

To state a claim under § 1983, the plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981) (overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–56 (1978); *Black v. Barberton Citizens Hosp.*, 1.34 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff has not identified any specific constitutional bases for his § 1983 claims. Liberally construing Plaintiff's allegations and prayer for relief, the Court discerns that Plaintiff is attempting to assert claims under the Eighth Amendment to the United States Constitution for failure to protect.

**IV.    PERSONAL SAFETY**

Inmates have a constitutionally protected right to personal safety grounded in the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). This right includes the right be free "from violence at the hands of other prisoners." *Bishop v. Hackel*, 636 F.3d 757, 766 (6th Cir. 2011) (quoting *Farmer*, 511 U.S. at 833). Thus, prison staff are obliged "to take reasonable measures to guarantee the safety of the inmates" in their care. *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984). To establish a violation of this right, a plaintiff must show that a defendant was deliberately indifferent to the Plaintiff's risk of injury. *Walker v. Norris*, 917 F.2d 1449, 1453 (6th Cir. 1990); *McGhee v. Foltz*, 852 F.2d 876, 880-81 (6th Cir. 1988).

Here, Plaintiff's complaint alleges that Defendant Isaac was aware and assisted the physical attack by other inmates, and made no effort to prevent or stop the attack [Doc. 13]. Liberally construing the complaint, the Court finds that Plaintiff's allegations, if accepted as true, are sufficient at the screening stage to state a plausible claim under § 1983 and the Eight Amendment against Defendant Isaac, for failure to protect Plaintiff from violence at the hands of his fellow inmates. This case will proceed against Defendant Isaac on this claim.

**V.    REMAINING DEFENDANTS**

Plaintiff also has named Jimmy J.J. Jones, Tim Burchett, Lt. Cooper, Wise, Horselby, Jones, and Unknown Defendants as Defendants in this matter. In his complaint, Plaintiff refers to this group of Defendants as "supervisory deputies" claiming that they "[have] a duty to secure and

3

maintain [Plaintiff's] safety [Doc. 13 at 6]. However, to the extent Plaintiff seeks to hold any jail official liable based solely on his role as a supervisor, a theory of supervisory liability is unacceptable in a § 1983 case. *See Ashcroft v. Iqual*, 556 U.S. 662, 676 (2009) ("[O]ur precedents establish . . . that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."); *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978) (finding that liability under § 1983 may not be imposed simply because a defendant "employs a tortfeasor"). The law is settled that § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Mich. Dept. of Corr.*, 69 F.3d 76, 80–81 (6th Cir. 1995). At a minimum, "a plaintiff must plead that the Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676-77.

Further, any claims against Defendants, Tim Burchett, the Knox County Mayor, and Jimmy J.J. Jones, the Knox County Sheriff, in their official capacities is, essentially, a suit against Knox County itself. *See, Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1989 WL 153076 (6th Cir. 1989); *see also Petty v. Cnty. of Franklin*, 478 F.3d 341, 349 (6th Cir. 2007) ("To the extent that [the plaintiff's Section 1983] suit is against [the sheriff] in his official capacity, it is nothing more than a suit against Franklin County itself."). Knox County is a "person" within the meaning of section 1983 and can be sued directly if it causes a constitutional violation through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell*, 436 U.S. at 690. Plaintiff must show that his alleged injury was caused by an unconstitutional policy or custom of the municipality. *See, Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997), c*iting Pembaur v. City of Cincinnati*, 475 U.S. 469, 480–81 (1986). Here, Plaintiff failed to assert that any of the allegations asserted within his complaint were a result of

an unconstitutional custom or policy of Knox County.  Thus, Plaintiff failed to state a claim against Defendants Tim Burchett or Jimmy J.J. Jones, in their official capacities, or against Knox County.

Plaintiff also claims this group of Defendants "used their administrative powers and duties fraudulently [to] misrepresent [ ] information and facts known to be untrue about the vicious assault incident August 6, 2016" [Doc. 13 at 6].  However, Plaintiff has not identified, in any non-conclusory manner, how these Defendants misrepresented any information of facts.

Federal Rule of Civil Procedure 8(a)(2) sets out a liberal pleading standard.  *Smith v. City of Salem*, 378 F.3d 566, 576 n.1 (6th Cir. 2004).  It requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

As previously stated, pro se litigants "are held to less stringent [pleading] standards than . . . lawyers in the sense that a pro se complaint will be liberally construed in determining whether it fails to state a claim upon which relief could be granted." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Yet, this Court's "lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  "Neither [this] Court nor other

courts . . . have been willing to abrogate basic pleading essentials in pro se suits." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). For instance, federal pleading standards do not permit pro se litigants to proceed on pleadings that are not readily comprehensible. *Cf. Becker v. Ohio State Legal Servs. Ass'n*, 19 F. App'x 321, 322 (6th Cir. 2001) (upholding a district court's dismissal of a pro se complaint containing "vague and conclusory allegations unsupported by material facts"). Here, Plaintiff's vague allegation fails to comply with the governing Rules and thus, this allegation is insufficient to state a § 1983 claim.

Accordingly, all claims alleged against Jimmy J.J. Jones, Tim Burchett, Lt. Cooper, Wise, Horselby, Jones, and Unknown Defendants will be **DISMISSED**.

## VI. CONCLUSION

Based on the foregoing, Jimmy J.J. Jones, Tim Burchett, Lt. Cooper, Wise, Horselby, Jones, and Unknown Defendants are **DISMISSED** as Defendants in this action for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). However, Plaintiff's failure to protect claim against Defendant Isaac will advance.

The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Isaac. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty (20) days of receipt of this order. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service. Fed. R. Civ. P. 4. Service on Defendant Isaac shall be made pursuant to Rule 4(e) of the Federal Rules of Civil Procedure and Rule 4.04(1) and (10) of the Tennessee Rules of Civil Procedure, either by mail or personally if mail service is not effective. Plaintiff is forewarned that if he fails to timely return the completed service packet, this action will be dismissed.

Defendant Isaac shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service.  If Defendant Isaac fails to timely respond to the complaint, it may result in entry of judgment by default against him.

As to Plaintiff's motions for a status update [Docs. 14, 16], these motions are **GRANTED** to the extent that this Order is being entered.  Plaintiff is **NOTIFIED** that the Court has a heavy case load and will address the matters set forth in this action as expeditiously as the Court's docket allows.

Plaintiff is further **ORDERED** to immediately inform the Court and Defendant Isaac or Defendant Isaac's counsel of record of any address changes in writing.  Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13.  Failure to provide a correct address to this Court within fourteen days of any change in address may result in the dismissal of this action.

So ordered.

ENTER:

                                            s/J. RONNIE GREER
                                    UNITED STATES DISTRICT JUDGE