# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | | |
|---|---|---|---|
| DONALD CRAIG MILLER, | ) | | |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No. | 3:17-CV-371-DCLC-DCP |
| OFFICER ISAACS, | ) ) ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AN ORDER

This is a pro se prisoner's complaint for violation of 42 U.S.C. § 1983. Defendant Isaacs has filed a motion to dismiss this action based on the statute of limitations [Doc. 34], and a motion to dismiss based on Plaintiff's failure to advise the Court of his change of address [Doc. 36]. Plaintiff has failed to respond to either motion, and the deadline to do so has passed. For the reasons set forth below, Defendant's motion to dismiss this action based on Plaintiff's failure to advise the Court of his change of address [Doc. 36] will be **GRANTED,** and the motion to dismiss based on the statute of limitations [Doc. 34] will be **DENIED AS MOOT**.

The Court evaluates Federal Rule of Civil Procedure 41(b) in determining whether to grant Defendant's motion to dismiss this action based on Plaintiff's failure to update his address with the Court. Rule 41(b) gives this Court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court." Fed. R. Civ. P. 31(b); *Nye Capital Appreciation Partners, L.L.C. v. Nemchik*, 483 F. App'x 1, 9 (6th Cir. 2012); *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362–63 (6th Cir. 1999). The Court examines four factors when considering dismissal under Fed. R. Civ. P. 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the

> dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005); *see Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988).

As to the first factor, the Court finds that Plaintiff's failure to respond to or comply with the Court's previous order is due to Plaintiff's willfulness and/or fault. Specifically, this Court has advised Plaintiff numerous times, including as late as December 2019, that he must update the Court of any change in address with fourteen days of any such change, or else this action could be dismissed [*See* Doc. 18 p. 7, Doc. 30 p. 2, Doc. 32 p. 4]. Nevertheless, Plaintiff has failed to adhere to the Court's order. As such, this factor weighs in favor of dismissal.

As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has prejudiced Defendant, as Defendant was forced to expend funds in attorney's fees in relation to the time necessary to research and file dispositive motions. Therefore, this factor weighs in favor of dismissal.

As to the third factor, the Court warned Plaintiff that the Court would dismiss this case if he failed to prosecute and comply with the Court's order [Doc. 18 p. 7, Doc. 30 p. 2, Doc. 32 p. 4]. Thus, this factor weighs in favor of dismissal.

Finally, as to the fourth factor, the Court finds that alternative sanctions would not be effective. Plaintiff was a prisoner proceeding proceed *in forma pauperis* [Doc. 12], and he has disregarded the Court's orders and has otherwise failed to communicate with the Court. Accordingly, this factor weighs in favor of dismissal.

### III. CONCLUSION

For the reasons set forth above, the Court concludes that the relevant factors weigh in favor

of dismissal of Plaintiff's action pursuant to Rule 41(b). Therefore, Defendant's motion to dismiss based on Plaintiff's failure to advise of his change of address [Doc. 36] is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE**. Defendant's motion to dismiss on statute of limitations grounds [Doc. 34] is **DENIED** as moot. The Court **CERTIFIES** that any appeal from this order would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED:**

s/Clifton L. Corker
United States District Judge
